*McHenry, Nunnally & Neel,* for plaintiff in error.
*C. Rowell,* contra.

---

## HOUSTON *v.* COACHMAN *et al.*

*Simmons, C. J.*—The action being upon a promissory note given by the defendant for a premium upon a policy of insurance, which note was in evidence, and the judge who tried the case without the intervention of a jury having rendered a judgment in the plaintiff's favor, this court will not reverse his refusal to set the same aside upon a motion for a new trial, the only grounds of which were, that the judgment was contrary to law and the evidence, and that "the real question in the case is whether the [insurance company in question] had the authority under its charter to issue a policy such as was issued to defendant, and the court erred in holding that said company could issue such a policy." This last assignment of error is too vague and uncertain for consideration, and no light is thrown upon its real

meaning by reference to the defendant's pleas, they being of a like loose and indefinite character.         *Judgment affirmed.*

June 12, 1896.  By two Justices.  Argued at the last term.

Appeal.   Before Judge Bower.   Early superior court. April term, 1895.

J. H. & B. P. Coachman brought suit in a justice's court against William Houston, upon a promissory note.   The defendant filed the following plea:

"Coachman, agent Virginia Valley Life Insurance Co. *vs.* Wm. J. Houston.   Complaint, in justice court, 1164 dist. G. M.   December term, 1894.   And now comes the deft., and for plea and answer to the above stated case, and say that he is not indebted to plaintiff in manner and form as alleged; and of this he puts himself upon the country.   And for further plea says, that the note here sued on was procured through its false and fraudulent representatives of plff., and is without consideration.   And for further plea deft. says, that the note was given as a payment for life insurance issued by plff. to defendant; that plaintiff had no authority to do the business of a life insurance company under charter from any State, and their representation as to their powers, rights, duties and liabilities were false.   Defendant for further plea says, that the Virginia Valley Life Insurance Company is not incorporated, as they represented themselves to be, and have no power to issue life insurance policies such as they delivered to defendant."

By consent the case was appealed to the superior court, and tried by the judge without a jury.   He found for the plaintiffs, and afterward overruled a motion for a new trial. The grounds of the motion are stated in the head-note.

*R. H. Powell & Son*, for plaintiff in error.

*Glenn & Rountree, C. C. Bush, A. L. Hawes, W. M. Hammond* and *T. D. Oliver*, contra.